IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 16-76-RGA |
| TIMOTHY CZEINER, | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

I sentenced Defendant on November 14, 2017. I entered a judgment to that effect on November 27, 2017. (D.I. 31).

On March 6, 2022 (by the prison mailbox rule), Defendant filed a motion to modify his term of imprisonment, to appoint counsel, and to be bailed. (D.I. 34). The basis for his motion is said to be 18 U.S.C. § 3582(c)(1)(A), the "compassionate release" statute. The United States filed a response. (D.I. 36).

Defendant's argument is that he entered a guilty plea to a crime that he did not commit. (D.I. 34 at 6-8). He also argues that he had "extraordinary acceptance of responsibility" that was not raised at sentencing. (*Id.* at 3).

The statute Defendant relies upon does not provide a basis for the relief he seeks. Defendant raises two arguments that, if they can be raised at all, need to be raised by a motion relying upon 28 U.S.C. § 2255.

In *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021), the Court of Appeals explained that "extraordinary and compelling circumstances" could not be the "duration" of the sentence or

"nonretroactive changes to mandatory minimums." *Id.* at 260. In *United States v. Claude*, 16 F.4th 422 (3d Cir. 2021), the Court of Appeals explained that substantial assistance without a Government motion could not be "extraordinary and compelling circumstances." *Id.* at 426-27. In the latter case, the rationale of the Court was that when the First Step Act was passed, Congress took no action with relation to Rule 35 of the Federal Rules of Criminal Procedure, which requires a Government motion. The First Step Act was not meant to contravene other statutory procedures that addressed the purported basis for the compassionate release motion.

Here, Defendant seeks relief based on two grounds relating to his criminal prosecution—a defect in the indictment and the failure of anyone to notice it during and through sentencing. Congress did not change § 2255 when it enacted the First Step Act. There are significant hurdles that accompany a § 2255 petition. For example, generally petitions must be filed within one year of when a judgment becomes final. Thus, any petition filed after about late February 2019 is likely barred by the statute of limitations. Generally a petitioner has to show some harm. The Government says the plea colloquy used the right elements of the offense; had Defendant raised the issue in a timely fashion, the Government could have obtained a superseding indictment with correct language. It is doubtful that Defendant could show the harm required for § 2255.

I conclude that Defendant's arguments are not cognizable under the compassionate release statute. I note generally that the purpose of compassionate release is to address circumstances that arise after sentencing, not circumstances that existed before sentencing.

Defendant's motion (D.I. 34) is **DENIED**.

IT IS SO ORDERED this 1st day of May 2023.

*/s/ Richard G. Andrews*
United States District Judge